UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ASHONTA KENYA JACKSON,

    Plaintiff,

    v.       CAUSE NO. 3:22-CV-687-RLM-JPK

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Ashonta Kenya Jackson, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Jackson alleges that on December 30, 2021, the electrical box in his cell at the Indiana State Prison caught on fire. He was physically extracted from the cell during the fire, but was immediately returned to the same cell when the fire was extinguished. He ingested smoke, but wasn't allowed to go to medical to be assessed. There was no electricity in his cell until the plumber came and fixed the electrical

box. He sues Warden Ron Neal, Herbert Newkirk, and Sgt. John Doe for monetary damages.

Inmates are entitled to conditions of confinement that meet "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted). Put another way, an inmate can state a viable claim for deliberate indifference to a hazardous condition of confinement if he alleges the defendant "deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm." Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014) (citation omitted).

Mr. Jackson alleges Warden Neal is responsible for the fire because he failed to ensure the electrical boxes in the cells were in proper working order. He says

Warden Neal failed to conduct "various inspections, etc." of all the electrical boxes in the prison. ECF 1 at 3. These sparse allegations are insufficient to plausibly suggest Warden Neal had any prior knowledge of the faulty electrical box in Mr. Jackson's cell and failed to act accordingly. *See e.g.* Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original); Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602 (7th Cir. 2009) (claim must be plausible on its face and complaint must provide adequate factual content). Nor, does Mr. Jackson allege Warden Neal knew he ingested smoke and needed—yet failed to receive—medical treatment. *See e.g.* Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018) and Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be held liable for damages solely because they hold supervisory positions). Mr. Jackson hasn't stated any plausible claims against Warden Neal.

Mr. Jackson also alleges that Herbert Newkirk, whom he describes as an administrative assistant, failed to respond adequately to his grievance and/or maintain a proper grievance system. He attaches a grievance and a return of grievance to the complaint regarding the fire. The return of grievance, signed by J. Wallen, notes the grievance was submitted late and that the form was incomplete because it didn't include a date. *See* ECF 1-1 at 1–2. It's unclear how Mr. Newkirk played a part in any of these events, and he can't be sued for simply supervising the

3

grievance process. *See e.g.* Swanson v. Citibank, 614 F.3d at 403; Bissessur v. Trustees, 581 F.3d at 602; Mitchell v. Kallas, 895 F.3d at 498; Burks v. Raemesch, 555 F.3d at 595. There is no constitutional right to a grievance process. *See* Grieveson v. Anderson, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure). Mr. Jackson hasn't stated any claims upon which relief can be granted against Mr. Newkirk.

Finally, Mr. Jackson has sued John Doe, the cellhouse sergeant on duty the day of the fire for not being adequately trained to respond to electrical fires or medical issues caused by smoke. Mr. Jackson doesn't explain how Sgt. Doe was personally involved in the situation.[1] Mr. Jackson hasn't stated any claims against Sgt. Doe.

This complaint doesn't state any claims for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Jackson may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint**

---

[1] To the extent Mr. Jackson is trying to proceed on a failure to train theory against the Warden—even putting aside the sparsity of the allegations—he can't do so because "in the Eighth Amendment context, such [failure to train] claims may only be maintained against a municipality." Brown v. Budz, 398 F.3d 904, 918 (7th Cir. 2005) (quoting Sanville v. McCaughtry, 266 F.3d 724, 739–740 (7th Cir. 2001)). The Warden isn't a municipality in either his individual or official capacity, so Mr. Jackson hasn't stated a plausible failure-to-train claim against him.

form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Ashonta Kenya Jackson until **April 12, 2023**, to file an amended complaint; and

(2) CAUTIONS Mr. Jackson if he does not respond by April 12, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 7, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT